36 F.3d 1101
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Tyrone CLARK, Appellant.
 No. 94-1197.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1994.
Filed: September 23, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tyrone Clark appeals his convictions and sentences, following a jury trial in the district court,[1] for drug offenses. We affirm.
 
 
 2
 Clark was charged with conspiring to distribute crack cocaine, and distributing crack cocaine on four separate occasions, in violation of 21 U.S.C. Secs. 841(a)(1) and 846, and 18 U.S.C. Sec. 2. Clark was tried with two codefendants. Two undercover special agents and two coconspirators testified for the government. Clark and his codefendants presented no evidence. The jury acquitted Clark's codefendants, but convicted Clark of all counts against him. The district court held Clark accountable for the amount of crack sold during the four transactions and found no evidence of sentencing entrapment, but granted him a two-level departure for his minor role in the offense.
 
 
 3
 On appeal, Clark argues that the evidence was insufficient to convict him and that his sentence was "enhanced by artificial inflation" through sentencing entrapment.
 
 
 4
 In reviewing a sufficiency of the evidence challenge, this court reviews the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences. United States v. Ortiz-Martinez, 1 F.3d 662, 668 (8th Cir.), cert. denied, 114 S. Ct. 355 (1993). We find sufficient evidence here to support the jury's verdict against Clark on all counts. The agents testified that Clark was present for all four drug deals, each of which occurred in an agent's car parked outside Clark's residence. Although Clark's primary coconspirator claimed Clark had done nothing, an agent testified that Clark stated (after his arrest) that he was reimbursed with money for the services he rendered as a bodyguard and lookout during the drug transactions. The coconspirator's testimony also indicated that Clark was reimbursed for his role both in money and in crack, and an agent's testimony established that Clark himself produced the crack and pocketed the proceeds during one transaction. In this circuit, " 'neither possession nor an actual sale by a defendant need be proved by the government on a charge of distributing or aiding and abetting the distribution of drugs.' " United States v. Stuart, 923 F.2d 607, 611 (8th Cir.) (quoting United States v. Marin-Cifuentes, 866 F.2d 988, 993 (8th Cir. 1989)), cert. denied, 499 U.S. 967 (1991) and 112 S. Ct. 145 (1991). The "minor" nature of Clark's participation was credited in the district court's grant of a two-level reduction for Clark's minor role.
 
 
 5
 We also reject Clark's sentencing entrapment claim. Sentencing entrapment is " ' "outrageous official conduct [which] overcomes the will of an individual predisposed only to dealing in small quantities" for the purpose of increasing the amount of drugs ... and the resulting sentence of the entrapped defendant.' " United States v. Barth, 990 F.2d 422, 424 (8th Cir. 1993) (quoted cases omitted). Clark's focus on whether the government stretched out the investigation merely to increase his sentence, rather than on whether he was predisposed to commit the crime, is more a "sentence manipulation" argument than an entrapment argument. See United States v. Shepard, 4 F.3d 647, 649 (8th Cir. 1993), cert. denied, 114 S. Ct. 1322 (1994). In any event, while a potential for abuse exists, we conclude Clark has shown no evidence of such abuse here. See id.
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa